The district court instructed the jury that, to secure a conviction, the government had to prove Piquet "knew, from whatever source, that a license was required" for the articles involved, and that he acted "voluntarily and purposely with specific intent to do something the law forbids" and not "by mistake, accident or good faith." R6 at 14–15. Piquet does not argue that this instruction was incorrect, but states that it was confusing in light of the court's earlier statement that the government need not prove Piquet was aware of or had read the particular statutes he violated. The instruction as a whole made clear, however, that the government was required to prove that Piquet was aware of the licensing requirements, from whatever source, even if he had not actually read the statutes and regulations at issue. We fail to see how this instruction, which accurately stated the law and the facts, prejudiced or confused the jury. *Beasley*, 72 F.3d at 1525 ("When the jury instructions, taken together, accurately express the law applicable to the case without confusing or prejudicing the jury, there is no reason for reversal . . .").

We further find that the district court did not abuse its discretion in failing to give an explicit instruction regarding a good faith defense. The instruction the court did give, to wit, "[t]he word willfully . . . means that the act was committed . . . with bad purpose . . . and not by mistake, accident or good faith," R6 at 14–15, indicated that "mistake, accident, and good faith" were all valid defenses to the specific intent crimes with which Piquet was charged. The defense of good faith was thus adequately covered in the court's definition of willfulness, and the failure to give a separate instruction did not seriously impair Piquet's ability to conduct his defense. *See Eckhardt*, 466 F.3d at 947–48.

## III.   CONCLUSION

Piquet appeals his convictions 22 U.S.C. § 2778 and 50 U.S.C. § 1705. For the foregoing reasons, we AFFIRM.

**AFFIRMED.**

**Bob PETERSON, individually and on behalf of, Fu's Gold, LLC, John Usher, Deborah Usher, individually and on behalf of, Full Plate, LLC, Jeff Goldt, individually and on behalf of, We 3, Inc., Tony Wong, Plaintiffs–Counter–Defendants–Appellants,**

**One Big Mama's, LLC, Two Big Mama's, LLC, Howard Goldt, H&J Goldt Corp., Mike Hargreaves, II, Amer Abugherir, individually and on behalf of, Central Florida Land Investments, Inc., RAM003, LLC, David A. Weinberg, individually and on behalf of, Wong Fu's Noodle House, Inc., Plaintiffs–Appellants,**

**Three Big Mama's, LLC, et al., Plaintiffs,**

**Edmund H. Watkins, III, et al., Plaintiffs–Counter–Defendants,**

**v.**

**H. Martin SPROCK, III, Daryl Dollinger, Raving Brands Holdings, Inc., Mama Fu's Noodle House, Inc., Mama Fu's Peachtree, LLC, et al., Defendants–Counter–Claimants–Appellees,**

Corporate John Does, X, Y, Z,
Defendants–Appellees.

No. 09–11781.

United States Court of Appeals,
Eleventh Circuit.

April 5, 2010.

K. Brian Roller, Zarco Einhorn Salkowski Brito, P.A., Miami, FL, for Plaintiffs–Counter–Defendants–Appellants.

Robert E. Casey, Jr., Casey, Gilson & Liebel, P.C., Atlanta, GA, Robert Zarco, Robert M. Einhorn, K. Brian Roller, Zarco Einhorn Salkowski & Brito, P.A., Miami, FL, Robert E. Casey, Jr., George P. Shingler, Christopher M. Huffines, Casey, Gilson & Liebel, P.C., Atlanta, GA, for Plaintiffs–Appellants.

Scott A. McIntosh, John F. Dienelt, DLA Piper U.S. LLP, Washington, DC, for Defendants–Counter–Claimants–Appellees.

Before BIRCH and BARKETT, Circuit Judges, and BUCKLEW,* District Judge.

PER CURIAM:

After careful review of the record and briefs of the parties, as well as having had the benefit of oral argument, we AFFIRM the judgment of the district court.

Kwabena MAWULAWDE, M.D.,
Plaintiff–Appellant,

v.

BOARD OF REGENTS OF the UNIVERSITY SYSTEM OF GEORGIA, Daniel W. Rahn, M.D., Indiv. and in his Official Capacity as President, Medical College of Georgia David Stern, Indiv. an in his Official Capacity as Dean, School of Medicine, Medical College of Georgia, Don Snell, Indiv. and in his Official Capacity as President and CEO, MCG Health, Inc., MCG Health, Inc., Defendants–Appellees.

Kwabena Mawulawde, M.D.,
Plaintiff–Appellant,

v.

Board of Regents of the University System of Georgia, Daniel W. Rahn, M.D., Indiv. and in his Official Capacity as President, Medical College of Georgia, David Stern, Indiv. and in his Official Capacity as Dean, School of Medicine, Medical College of Georgia Don Snell, Indiv. and in his Official Capacity as President and CEO, MCG Health, Inc., MCG Health, Inc., Defendants–Appellees,

Medical College of Georgia, Defendant.

Nos. 09–12130, 09–16172.

United States Court of Appeals,
Eleventh Circuit.

April 5, 2010.

Eric Emanuel Wyatt, George W. McGriff & Associates, Roswell, GA, for Plaintiff–Appellant.

* Honorable Susan C. Bucklew, United States District Judge for the Middle District of Florida, sitting by designation.